Thomas H. Casey - Bar No. 138264
LAW OFFICE OF THOMAS H. CASEY, INC.,
A PROFESSIONAL CORPORATION
26400 La Alameda, Suite 210
Mission Viejo, CA 92691
Telephone:     (949) 766-8787
Facsimile:     (949) 766-9896
Email:          TomCasey@tomcaseylaw.com

Attorney for A. Cisneros,
Chapter 7 Bankruptcy Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA / RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>HK LANE PALM DESERT, INC.,<br><br>Debtor. | Case No. 6:24-bk-13474-SY<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING A BANKRUPTCY RULE 2004 EXAMINATION OF PERSON MOST KNOWLEDGEABLE OF WRE SOCAL, INC. dba WINDERMERE DESERT PROPERTIES; AND FOR PRODUCTION OF DOCUMENTS PURSUANT TO BANKRUPTCY RULE 9016; AND DECLARATION OF THOMAS H. CASEY IN SUPPORT THEREOF**<br><br>Document Production Date:<br>Date: August 27, 2025<br><br>Place for Document Production:<br>Via Email: tomcasey@tomcaseylaw.com; and, msilva@tomcaseylaw.com<br><br>2004 Examination Date:<br>Date:  September 3, 2025<br>Time: 10:00 a.m.<br><br>Place for Examination:<br>Via Zoom<br><br>[No Hearing Required per Local Bankruptcy Rules 9013-1(o)] |

i

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE; DEBTOR; 2004 EXAMINEE WRE SOCAL, INC. dba WINDERMERE DESERT PROPERTIES; OFFICE OF THE UNITED STATES TRUSTEE; AND ALL INTERESTED PARTIES:**

A. Cisneros, the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of HK Lane Palm Desert, Inc. ("Debtor"), hereby moves this Court for an order authorizing a 2004 examination via Zoom of the person most knowledgeable ("PMK") of WRE SoCal, Inc., dba Windermere Desert Properties ("Windermere") and for production of documents pursuant to bankruptcy rule 9016 ("Motion"). In support of this Motion, the Trustee submits the following:

### Summary.

The Trustee requests an order authorizing the Trustee to conduct a 2004 examination of the PMK of Windermere. The Trustee is investigating the Debtor's financial affairs and it is necessary for the Trustee to obtain and review certain pre- and post- petition documents and financial records, and to question the PMK under oath, to complete his investigation into the financial affairs of the Debtor.

On July 22, 2025, Trustee's counsel forwarded correspondence to WRE SoCal, Inc., dba Windermere Desert Properties ("Windermere") requesting production of certain documents and to make arrangements for a mutually convenient date and time to conduct its 2004 examination. A copy of Trustee counsel's July 22, 2025 meet and confer letter addressed to Windermere is attached hereto as **Exhibit "2"** and incorporated herein by this reference. On July 27, 2025, Windermere responded to Trustee counsel's meet and confer letter agreeing to the document production deadline and the date of the 2004 Examination via Zoom stated in the meet and confer letter. The July 27, 2025 email from Windermere is attached hereto as **Exhibit "3"** and incorporated herein by this reference.

1

As indicated above, the Trustee has met and conferred with Windermere as required by Local Bankruptcy Rule 2004-1(a). See, attached Declaration of Thomas H. Casey certifying the Trustee's compliance with LBR 2004.

**Background Facts.**

1. Prior to the bankruptcy filing and since approximately 2006, the Debtor was a real estate firm located in the Coachella Valley with approximately seventy-five agents working under the corporate Debtor.

2. On June 20, 2024 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Arturo M. Cisneros was appointed as Chapter 7 Trustee ("Trustee").

3. Approximately one year prior to the Petition Date and in June 2023, the Debtor and HK Lane La Quinta, Inc. ("La Quinta"), as sellers, entered into an Asset Purchase Agreement ("APA") with WRE SoCal, Inc., dba Windermere Desert Properties ("Windemere" or "Purchaser"), as buyer. The APA provided for the sale of substantially all assets belonging to and used in the Debtor's and La Quinta's real estate brokerage business in four offices located in Southern California ("Brokerage Assets").

4. Per the APA the purchase price for the Brokerage Assets was $1,650,000 ("Purchase Price") with a down payment due of $225,000 ("Down Payment"). The APA refers to a promissory note ("Promissory Note") and states that "The Note shall be in the form attached as Exhibit D." An exhibit D is not attached to the APA produced to the Trustee. Paragraph 2.2 of the APA further states the Note shall have a term of five (5) years, and quarterly payments are due January 31, April 30, July 31, and October 31 of each calendar year. Pursuant to the APA, the quarterly payments due are thirteen percent (13%) of the Purchaser's "Company Dollars" for the preceding quarter. The Purchaser's "Company Dollars"

are defined as the gross commission income from real estate transactions of the Purchaser after certain deductions incurred by the Purchaser.

5. The Debtor and co-seller La Quinta have been unable to produce a copy of Exhibit D to the APA.

6. The Debtor has been unable to produce a signed or unsigned Promissory Note as referenced in the APA.

7. The testimony at the Debtor's initial 341(a) exam conducted by the Trustee is that the down payment per the APA was "paid to the Debtor and the rest of the payments were made to co-seller La Quinta."

8. The APA does not provide for an allocation of the Purchase Price between the Debtor and co-seller La Quinta.

9. The Trustee is investigating the estate's rights and potential causes of action per the APA and the pre- and post-petition financial transactions related to the APA.

10. The Trustee has requested certain documents from Windermere including, but not limited to, all underlying documents related to the APA including the promissory note, the allocation of sale proceeds to the Debtor and La Quinta, and payments made to date pursuant to the APA. The Trustee requires the documents to complete his investigation.

### The Trustee Must Obtain Documents From Windermere

11. Pursuant to *Federal Rule of Bankruptcy Procedure 2004*, the Bankruptcy Court may compel the production of documentary evidence in the manner provided in *Federal Rule of Bankruptcy Procedure 9016*. *Federal Rule of Bankruptcy Procedure 2004* authorizes this Court to compel the production of documents of any person relating "to the acts, conduct, property or the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . the source of any money or property acquired

or to be acquired by the debtor . . . and any other matter relevant to the case".

12. The examination and document production requested herein cannot proceed under *Federal Rules of Bankruptcy Procedure 7030* or *9014* because an adversary proceeding or contested matter is not pending.

13. In order to conduct an effective examination of the PMK of Windermere, the Trustee requests an order requiring the PMK of Windermere to produce to the Trustee the following "Documents" and "Communications" as the terms are defined in **Exhibit "1"** attached hereto:

### Documents To Be Produced.

i. Any and all Documents related to the Asset Purchase Agreement ("APA") entered into by and between the Debtor, La Quinta, and Windermere including, but not limited to, the signed, underlying promissory note.

ii. Any and all Documents related to the Asset Purchase Agreement ("APA") entered into by and between the Debtor, La Quinta, and Windermere including, but not limited to, the un-signed, underlying promissory note.

iii. Any and all Documents demonstrating how the proceeds from the APA are to be allocated between the Co-Sellers, the Debtor and La Quinta.

iv. Any and all Documents evidencing any and all payments made to the Debtor and La Quinta, pursuant to the terms of the APA.

v. Any and all Documents demonstrating the accounting of all funds paid as part of the purchase price and promissory note.

vi. Any and all Communications by and between Windermere and the Debtor, Debtor's counsel, and any agents of the Debtor relating to the APA.

4

      vii.    Any and all Communications by and between Windermere and La Quinta relating to the APA.

      viii.    Any and all Communications by and between the Debtor, Debtor's counsel, and any agents of the Debtor, and La Quinta relating to the APA.

**The Meet and Confer Requirements of Local Rule 2004-1(a) Have Been Met.**

14.    As indicated in the above summary, the Trustee has complied with the meet and confer requirements of Local Rule 2004-1(a). See, Declaration of Thomas H. Casey attached hereto.

**Conclusion.**

WHEREFORE, the Trustee requests that the Court enter an order:

a.    Approving this Motion;

b.    Directing the PMK of Windermere to produce the documents set forth set forth above in this Motion to the Law Office of Thomas H. Casey, via email on or before August 27, 2025 to tomcasey@tomcaseylaw.com with a copy to paralegal Marissa Silva at msilva@tomcaseylaw.com or, if rescheduled for a later date, upon five (5) days' written notice;

c.    Directing the PMK of Windermere to appear via Zoom and testify on September 3, 2025 at 10:00 a.m. or, if rescheduled for a later date, upon five (5) days' written notice; and,

d.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICE OF THOMAS H. CASEY, INC.,
A Professional Corporation

Dated: August 5, 2025    By: /s/ Thomas H. Casey

Thomas H. Casey, Attorney for A. Cisneros, Chapter 7 Trustee for the Bankruptcy Estate of HK Lane Palm Desert, Inc.

5

# DECLARATION OF THOMAS H. CASEY

I, Thomas H. Casey, declare as follows:

1. I am an adult over the age of eighteen years and general bankruptcy counsel to A. Cisneros, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of HK Lane Palm Desert, Inc. ("Debtor"). The facts contained herein are based upon information which I have acquired in my capacity as counsel for the Trustee and upon my review of the pleadings, records, and files in this matter, and are true and correct to the best of my knowledge, information, and belief.

2. I make this Declaration support of the Trustee's Motion for Order Approving Authorizing a 2004 Examination of the person most knowledgeable ("PMK") of WRE SoCal, Inc., dba Windermere Desert Properties ("Windermere") and for Production of Documents Pursuant to Bankruptcy Rule 9016 ("Motion"). I have reviewed the documents produced to the Trustee in this case and I have reviewed transcripts of the 341(a) examinations conducted by the Trustee in this case.

3. The Trustee is investigating the Debtor's financial affairs and it is necessary that the Trustee obtain and review certain pre- and post- petition documents and financial records to complete his investigation into the financial affairs of the Debtor.

4. On July 27, 2025, on behalf of the Trustee, I forwarded correspondence to Windermere requesting production of certain documents and to make arrangements for a mutually convenient date and time to conduct its 2004 examination. A copy of my July 27, 2025 meet and confer letter addressed to Windermere is attached hereto as **Exhibit "2"** and incorporated herein by this reference. On July 27, 2025, Windermere responded to my meet and confer letter by email agreeing to the document production deadline and the date of the

6

2004 Examination via Zoom stated in my letter. The July 27, 2025 email from Windermere is attached hereto as **Exhibit "3"** and incorporated herein by this reference.

  5. Approximately one year prior to the Petition Date and in June 2023, the Debtor and HK Lane La Quinta, Inc. ("La Quinta"), as sellers, entered into an Asset Purchase Agreement ("APA") with WRE SoCal, Inc., dba Windermere Desert Properties ("Windemere" or "Purchaser"), as buyer. The APA provided for the sale of substantially all assets belonging to and used in the Debtor's and La Quinta's real estate brokerage business in four offices located in Southern California ("Brokerage Assets").

  6. Per the APA the purchase price for the Brokerage Assets was $1,650,000 ("Purchase Price") with a down payment due of $225,000 ("Down Payment"). The APA refers to a promissory note ("Promissory Note") and states that "The Note shall be in the form attached as Exhibit D." An exhibit D is not attached to the APA produced to the Trustee. Paragraph 2.2 of the APA further states the Note shall have a term of five (5) years, and quarterly payments are due January 31, April 30, July 31, and October 31 of each calendar year. Pursuant to the APA, the quarterly payments due are thirteen percent (13%) of the Purchaser's "Company Dollars" for the preceding quarter. The Purchaser's "Company Dollars" are defined as the gross commission income from real estate transactions of the Purchaser after certain deductions incurred by the Purchaser.

  7. The Debtor and co-seller La Quinta have been unable to produce a copy of Exhibit D to the APA.

  8. The Debtor has been unable to produce a signed or unsigned Promissory Note as referenced in the APA.

9. The testimony at the Debtor's initial 341(a) exam conducted by the Trustee is that the down payment per the APA was "paid to the Debtor and the rest of the payments were made to co-seller La Quinta."

10. The APA does not provide for an allocation of the Purchase Price between the Debtor and co-seller La Quinta.

11. The Trustee is investigating the estate's rights and potential causes of action per the APA and the pre- and post-petition financial transactions related to the APA.

12. On behalf of the Trustee, I have requested certain documents from Windermere including, but not limited to, all underlying documents related to the APA including the promissory note, the allocation of sale proceeds to the Debtor and La Quinta and payments made to date pursuant to the APA. The Trustee requires the documents to complete his investigation

13. The examination and document production requested herein cannot proceed under *Federal Rules of Bankruptcy Procedure 7030* or *9014* because an adversary proceeding or contested matter is not pending.

14. In order to conduct an effective examination of the PMK of Windermere, I request an order requiring Windermere to produce to me the "Documents" and "Communications" as the terms are defined in **Exhibit "1"** attached to this Motion.

15. As indicated above, the meet and confer requirements of LBR 2004-1(a) have been satisfied.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on August __5__, 2025, at Mission Viejo, California.

_____
Thomas H. Casey, Declarant

# Exhibit 1

**EXHIBIT "1"**

**Definitions and Instructions**

**Definitions:**

1. The term "Document" or "Documents" means any and all writings, typewritings, sound recordings, photographs, photostats, photocopies, or other pictures, sounds or symbols, or combinations thereof, in any form, including, without limitations, the following:

   A. Letters, e-mails, text messages, telegraphs, cables, and all other forms of correspondence and written or electronic communication (exchanged or prepared for exchange);

   B. Agreements, contracts, options, bids, estimates, books, records, reports, memoranda, notes, transcripts, and work papers;

   C. Corporate instruments, articles of incorporation, bylaws, resolutions, and stock certificates (or copies thereof);

   D. Statements, lists, summaries, analyses, studies, notebooks, desk calendars, appointment books, diaries, time sheets, logs, files, binders, schedules, and manuals;

   E. Financial statements, checks, deposit receipts, statements, or other documents evidencing certificates of deposit or treasury bills or other similar forms of bank or savings arrangements, invoices, books of account, leases, options to purchase, riders, escrow instructions, listing agreements, title reports, check stubs, ledgers, journals, accounts, W-2 forms, permits and licenses;

   F. Computerized information, statements, or printouts;

   G. Any papers and/or writings filed in the course of any litigation, including, without limitation, pleadings, declarations, affidavits, exhibits, memoranda, memoranda of law, memoranda of points and authorities, motions, complaints, or other pleadings, as well as papers not filed, included opinion letters and legal research memoranda.

2. The term "Communication" or "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, conferences, telephone conversations, interviews, cards, letters, emails, notes, correspondence, telegrams, telexes, cables, or other forms of interpersonal discourse, whether oral or written, however transmitted, including reports, notes, memoranda, lists, agenda, and other reports documenting, memorializing, summarizing or relating to such communication.

3. The term "Debtor" means HK Lane Palm Desert, Inc.
4. The term "PMK" mean Person Most Knowledgeable.
5. The term "APA" means Asset Purchase Agreement.
6. The term "Windermere" or "Purchaser" means WRE SoCal, Inc., dba Windermere Desert Properties.
7. The term "La Quinta" means HK Lane La Quinta, Inc.
8. The term "Co-Seller" means the Debtor and La Quinta.

**Instructions:**

9. This document request covers all documents in the possession, custody, or control of the party and/or its attorneys, accountants, agents, or representatives, wherever located.

10. Each document is to be produced in the file in which such document has been maintained and in the order within each file in which such document has been maintained. If any document covered by this document request is withheld by reason of any objection, a list is to be furnished at the time the documents are to be produced identifying each such document

for which the objection is made, including without limitation the following information with respect to each document withheld:  (1) the name, business affiliation, business address, telephone number, and business capacity or title of the person who prepared it and the person or persons who signed it;  (2) the name, business affiliation, business address, telephone number, and business capacity or title of each person to whom it was addressed;  (3) the date the document was prepared;  (4) the date the document was received;  (5) the nature and substance of the document with sufficient particularity to enable the same to be identified, including without limitation its title, subject matter, and number of pages; and (6) the name, business affiliation, business address, and telephone number of each person who presently has possession, control, or custody of the original or a copy of the document

      11.    The conjunctions "and" and "or" shall not be interpreted to exclude any information otherwise within the scope of the document request

# Exhibit 2

# THE LAW OFFICE OF
# THOMAS H. CASEY, INC.
A PROFESSIONAL LAW CORPORATION
26400 La Alameda, Suite 210
Mission Viejo, California 92691

Thomas H. Casey, Esq.

Telephone 949/766-8787
Facsimile 949/766-9896
TomCasey@tomcaseylaw.com

July 22, 2025

**Via US Mail**
WRE SoCal, Inc.
dba Windermere Desert Properties
Attn: President
296 N. Palm Canyon Drive
Palm Springs, CA 92262

Re:   In re HK Lane Palm Desert, Inc.
       Bankruptcy Case No. 6:24-bk-13474-SY

To whom it may concern,

　　　Our Firm represents Arturo Cisneros in his capacity as chapter 7 bankruptcy trustee (the "Trustee") of HK Lane Palm Desert, Inc. ("Debtor").
　　　Prior to the Debtor's bankruptcy filing and in June 2023, the Debtor and HK Lane La Quinta, Inc. ("La Quinta") entered into an Asset Purchase Agreement ("APA") as Co-Sellers with WRE SoCal, Inc., dba Windermere Desert Properties ("Windermere") as Buyer, for the purchase and sale of certain assets.
　　　On behalf of the Trustee, I am investigating pre- and post-petition financial transactions related to the APA in which the Debtor and La Quinta as Co-Sellers, and Windemere as Buyer, are parties. I will be conducting a 2004 examination of the Person Most Knowledgeable of Windermere ("PMK") and requesting the production of certain documents by the PMK. Pursuant to Local Bankruptcy Rule 2004-1 prior to the filing of a motion for a Zoom examination under FRBP 2004, I must attempt to confer with the PMK to arrange for a mutually agreeable date, time, place and scope of the examination and production. For your document production, I request that the PMK produce, for the time period of June 20, 2020 through the present date, the following:

　　　1.　　Any and all documents related to the Asset Purchase Agreement ("APA") entered into by and between the Debtor, La Quinta, and Windermere including, but not limited to, the signed, underlying promissory note.
　　　2.　　Any and all documents related to the Asset Purchase Agreement ("APA") entered into by and between the Debtor, La Quinta, and Windermere including, but not limited to, the un-signed, underlying promissory note.
　　　3.　　Any and all documents demonstrating how the proceeds from the APA are to be allocated between the Co-Sellers, the Debtor and La Quinta.
　　　4.　　Any and all documents evidencing any and all payments made to the Debtor and

EXHIBIT 2  PAGE 11

La Quinta, pursuant to the terms of the APA.
5. Any and all Communications[1] by and between Windermere and the Debtor, Debtor's counsel, and any agents of the Debtor.
6. Any and all Communications by and between Windermere and La Quinta.
7. Any and all Communications by and between the Debtor, Debtor's counsel, and any agents of the Debtor, and La Quinta relating to the APA.

Please confirm the PMK of Windermere is available for its 2004 examination via Zoom on September 3, 2025 commencing at 10:00 a.m. and that Windermere's document production will be received by me on or before August 27, 2025.

Please respond to this letter in writing on or before July 29, 2025 confirming the above referenced documents will be produced and the PMK of Windermere will appear at its scheduled 2004 examination.

If Windermere fails to respond in writing on or before July 29, 2025, this letter shall serve as a sufficient attempt to meet pursuant to Local Bankruptcy Rule 2004-1 and I shall proceed with the filing of the Trustee's motion for an order for a 2004 examination of the PMK of Windermere stating the above examination date and document production date. Thank you in advance for your prompt attention to this matter.

Thank you.

Sincerely,

Thomas H. Casey, Esq.

cc  Arturo M. Cisneros, Trustee

David Golubchik, Debtor Counsel

WRE SoCal, Inc.
dba Windermere Desert Properties
Attn: President
73-725 El Paseo Drive, Ste. 23A
Palm Desert, CA 92260

WRE SoCal, Inc.
Attn: Anthony Jackson, Agent for Service of Process
3640 American River Drive, Ste. 100
Sacramento, CA 95864

---

[1] As used herein, the term "COMMUNICATIONS" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, conferences, telephone conversations, interviews, cards, letters, emails, notes, correspondence, telegrams, telexes, cables, or other forms of interpersonal discourse, whether oral or written, however transmitted, including reports, notes, memoranda, lists, agenda, and other reports documenting, memorializing, summarizing or relating to such communication.

EXHIBIT 2  PAGE 12

# Exhibit 3

| | |
|---|---|
| **From:** | Anthony Jackson |
| **To:** | Tom Casey |
| **Subject:** | HK Lane Palm Desert, Inc. – 2004 Examination and Document Production |
| **Date:** | Sunday, July 27, 2025 2:04:51 PM |

Dear Mr. Casey,

Thank you for your letter dated July 22, 2025.

I will be available on behalf of WRE SoCal, Inc. via Zoom on **September 3, 2025 at 10:00 a.m.**, and we will ensure that the requested document production is delivered to you on or before **August 27, 2025**.

Please also note our updated address for future correspondence:

**WRE SoCal, Inc.
100 Howe Avenue, Suite 250N
Sacramento, CA 95825**

Should you need anything further, please feel free to reach out.

## Anthony Jackson

Vice President, Finance & Operations



**WINDERMERE SIGNATURE PROPERTIES &
WINDERMERE SOCAL**

ajackson@windermereca.com
**OFFICE**  916-978-4277
100 Howe Avenue / Suite 250N / Sacramento, CA 95825
WindermereCA.com

   

*Effective 6/2/25 our new address will be 100 Howe Avenue, Suite 250N, Sacramento, CA 95825.*

Secured by Paubox - HITRUST certified

EXHIBIT 3  PAGE 13

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**26400 La Alameda, Suite 210, Mission Viejo, CA 92691**

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 7 Trustee's Motion for an Order Authorizing a Bankruptcy Rule 2004 Examination of Person Most Knowledgeable of WRE SoCal, Inc. dba Windermere Desert Properties; and for Production of Documents Pursuant to Bankruptcy Rule 9016; and Declaration of Thomas H. Casey in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 5, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Matthew Bouslog    mbouslog@allenmatkins.com, ncampos@allenmatkins.com
- Thomas H Casey    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- David B Golubchik    dbg@lnbyg.com, dbg@lnbyg.com
- Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **August 5, 2025,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 5, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

WRE SoCal, Inc. Attn: Anthony Jackson – Email address: ajackson@windermereca.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 5, 2025 | Kathy Driggers | /s/ Kathy Driggers |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                     F 9013-3.1.PROOF.SERVICE

**SERVED BY US MAIL:**

**Interested Party**
United States Bankruptcy Court
Attn: Hon. Scott H. Yun
3420 Twelfth Street, Suite 345
Riverside, CA 92501-3819

**Debtor**
HK Lane Palm Desert, Inc.
Attn: Jeff Katofsky
4558 Sherman Oaks Avenue
Sherman Oaks, CA 91403-3060

**Request for Special Notice**
Matthew G. Bouslog, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
2010 Main Street, 8th Floor
Irvine, CA 92614-7214

**Examinee**
WRE SoCal, Inc.
Attn: Anthony Jackson, VP Finance & Operations
100 Howe Avenue, Suite 250N
Sacramento, CA 95825

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              **F 9013-3.1.PROOF.SERVICE**